# Exhibit C

Case 5:19-cv-00191-DAE   Document 1-5   Filed 02/27/19   Page 2 of 9

Filed 2/19/2019 9:21 AM
Denise Rodriguez
District Clerk
Karnes County, Texas
Melissa Alvarez

CAUSE NO. 19-01-00015-CVK

| | | |
|---|---|---|
| EMRAN, LLC AND WAEL SULEIMAN | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § § | |
| v. | § § | 81ST JUDICIAL DISTRICT |
| CATLIN SPECIALTY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES, LLC, AND MCCLELLAND AND HINE, INC. | § § § § § | KARNES COUNTY, TEXAS |
| Defendants. | | |

## DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL PETITION

Defendants Catlin Specialty Insurance Company, Engle Martin & Associates, LLC, and McClelland and Hine, Inc., (collectively "Defendants") file this Original Answer and Affirmative Defenses to Plaintiffs' Original Petition, and would respectfully show the Court as follows:

## I.
## GENERAL DENIAL

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every allegation contained in Plaintiffs' Original Petition and demand strict proof thereof. By this general denial, Defendants demand that Plaintiffs prove every fact in support of their claims for breach of contract, violations of the Texas Insurance Code, violations of the Texas Prompt Payment Act, violations of the Texas Deceptive Trade Practices Act, and violations of the duty of good faith and fair dealing by a preponderance of the evidence. By this general denial, Defendants further demand that Plaintiffs prove every fact in support of their exemplary damages claim(s) by clear and convincing evidence.

## II.
## DENIAL OF CONDITIONS PRECEDENT

2. Defendants specifically deny that Plaintiffs have satisfied all conditions precedent to the recovery they seek in this lawsuit.

### *Loss During the Policy Period*

3. Catlin Specialty Insurance Company ("Catlin") issued policy number 4200903364 to Plaintiffs for the policy period August 10, 2016 to August 10, 2017, and policy number 4200903790 for the policy period of August 10, 2017 to August 10, 2018 (collectively, the "Policies"). The Policies apply only to loss that occurs during the Policy periods. To the extent that any part of the loss of which Plaintiffs complain did not occur during these periods, the Policies provides no coverage for such loss.

### *Loss Above the Deductible*

4. Defendants' obligation to pay under the Policies extends, if at all, only to a covered loss that exceeds the Policies deductible. If there is an obligation to pay, it applies only to the amount of covered loss, if any, that exceeds the deductible.

### *No Prompt Notice of Loss or Damage*

5. Plaintiffs failed to give prompt notice to Catlin of the loss or damage relating to Catlin claim no. 100-00-007417 as required by the Policy, including a description of the property involved and a description of when and where the loss or damage occurred.

6. Catlin did not receive notice of any loss relating to the alleged March 23, 2017 hail storm until around April 17, 2018. Catlin was prejudiced by Plaintiffs' failure to give prompt notice of the loss(es) claimed. Specifically, Catlin is not able to determine what amounts of damages, if any, were caused on the alleged date of loss during Catlin's policy period and what amounts of damages, if any, were caused outside of Catlin's policy period.

*Valuation*

7.     Plaintiffs' loss is not recoverable unless it is determined according to the Policies' Valuation clause, which requires valuation at actual cash value.

8.     Discovery in this matter is ongoing and Defendants reserve the right to assert that Plaintiffs have failed to satisfy other conditions precedent to recovery they seek in this lawsuit.

## III.
## AFFIRMATIVE DEFENSES

9.     Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants set forth the following affirmative defenses to the allegations in Plaintiffs' Original Petition:

   a.     Plaintiffs' claims are barred, in whole or in part, on the basis that Plaintiffs' Original Petition fails to state a claim against Defendants upon which relief can be granted.

   b.     Plaintiffs' claims are subject to all of the terms, conditions, limitations, exclusions, and deductibles set forth in the Policies.

   c.     Plaintiffs' claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiffs did not occur during the Policies' periods of coverage as required by the Policies.

   d.     Plaintiffs' claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiffs was not caused by or did not result from a covered cause of loss, or was caused by an excluded cause of loss.

   e.     Plaintiffs' claims are barred, in whole or in part, to the extent that Defendants were prejudiced by Plaintiffs' failure to provide prompt notice of their claims for damages under the Policies.

   f.     Plaintiffs' claims are barred, in whole or in part, by the Policies' Vacancy provisions, which reduces the amount owed, if any, by fifteen (15) percent for damages

caused by windstorm or hail if the building where loss or damage occurs has been vacant for more than sixty (60) consecutive days before the alleged loss or damage occurred.

      g.      Plaintiffs' claims are barred, in whole or in part, to the extent the alleged damage was caused by flood, surface water, overflow of any body of water, or spray from any of the above, all whether or not driven by wind.

      h.      Plaintiffs' claims are barred, in whole or in part, to the extent the alleged damage was caused by or resulted from faulty, inadequate or defective design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction, materials used in repair construction, renovation or remodeling, and/or maintenance.

      i.      Plaintiffs' claims are barred, in whole or in part, to the extent the alleged damage was caused by or resulted from wear and tear, rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself.

      j.      Plaintiffs' claims are barred, in whole or in part, to the extent the alleged damage was caused directly or indirectly by continuous or repeated seepage or leakage of water, or the presence of condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

      k.      Plaintiffs' claims are barred, in whole or in part, to the extent the alleged damage was caused directly or indirectly by settling, cracking, shrinkage or expansion.

      l.      Plaintiffs' claims are barred, in whole or in part, to the extent the alleged damage to the interior of Plaintiffs' property was caused by or resulted from rain, whether

wind driven or not, unless the building or structure first sustained damage by a covered cause of loss to its roof or walls through which the rain entered.

  m. Plaintiffs' claims are barred, in whole or in part, to the extent the alleged damage was caused by fungus, wet rot, dry rot or bacteria that did not result from a covered cause of loss.

  n. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' neglect to use all reasonable means to save and preserve the property from further damage at and after the time of loss.

  o. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs failed to take all reasonable steps to mitigate, minimize, or avoid the damages allegedly sustained and/or to protect the property from further damage. Plaintiffs' recovery under the Policies and Texas law, if any, must be offset and reduced accordingly.

  p. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs' alleged damages were caused, in whole or in part, by the negligent acts and/or omissions of Plaintiffs.

  q. Plaintiffs' claims are barred, in whole or in part, based on the doctrines of waiver and estoppel, as Plaintiffs submitted two separate claims under the Policies with inconsistent positions.

  r. Plaintiffs' claims are barred, in whole or in part, because Defendants' conduct has, at all times, been in good faith, reasonable, and in accordance with the Policies and applicable law.

  s. A bona fide controversy exists concerning the extent of Plaintiffs' entitlement to benefits under the Policies. Defendants and/or its employees, agents,

representatives, and adjusters are entitled to value claims differently from Plaintiffs without facing extra-contractual liability. Defendants would show that a bona fide controversy exists regarding: (i) the existence and/or scope of any covered loss or damage; (ii) whether and to what extent any asserted loss or damage was the result of a covered occurrence or occurrences; (iii) the reasonable and necessary measures to repair any covered loss or damage; and (iv) the reasonable and necessary measures to repair any covered loss or damage.

t.  Plaintiffs' claim for exemplary damages is unconstitutional and violates the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article 1, Section 19 of the Texas Constitution for the following reasons: (a) the standards under which such claims are submitted are so vague as to be effectively meaningless and threaten a deprivation of property for the benefit of society without the protection of fundamentally fair procedures; (b) the highly penal nature of exemplary damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamentally fair procedures or any statutory limitations; (c) the introduction of evidence of Defendants' financial worth is so prejudicial as to impose liability and punishment in a manner bearing no relation to the extent of any injury allegedly inflicted or to any benefit from any alleged wrongdoing and, therefore, any verdict would be the result of bias and prejudice in a fundamentally unfair manner.

u.  To the extent Plaintiffs have asserted claims against Defendants under Texas Insurance Code Chapter 541, those claims are barred by Section 541.153, and this Court should award Defendants court costs and reasonable and necessary attorneys' fees

because any such claims under the Texas Insurance Code are groundless and brought in bad faith and/or for the purpose of harassment.

v. Plaintiffs' claims are subject to the appraisal provision of the Policies, which applies in the event of any disagreement as to the amount of the loss. Defendants specifically reserve its rights under the appraisal provision of the Policies.

10. Defendants further reserve the right to assert additional affirmative defenses as this litigation proceeds.

## IV.
## RESERVATION OF RIGHTS

11. By appearing and answering herein, Defendants do not waive, and expressly reserve, all rights and defenses that Defendants may have or that may arise under the Policies and/or applicable law, including without limitation provisions governing the applicable law and forum for resolution of any dispute under the Policies. Nothing herein shall constitute or be deemed a waiver of, or an estoppel to assert, any of the rights and defenses that Defendants may have or that may arise under the Policies and/or applicable law.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Catlin Specialty Insurance Company, Engle Martin & Associates, LLC, and McClelland and Hine, Inc., pray that upon final judgment: (a) all relief requested by Plaintiffs be denied; (b) all costs be taxed against Plaintiffs; and (c) for such other and further relief to which Defendants may be justly entitled, whether at law or in equity.

Respectfully submitted,

**ZELLE LLP**

By: */s/ Michael C. Upshaw*
    Steven J. Badger
    Texas Bar No. 01499050
    sbadger@zelle.com
    Michael C. Upshaw
    Texas Bar No. 24099142
    mupshaw@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:	214-742-3000
Facsimile:	214-760-8994

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

A true and correct copy of the forgoing has been served on the following counsel of record in accordance with TEXAS RULES OF CIVIL PROCEDURE on this 19th day of February 2019 as follows:

Matthew J. Worrall
Texas Bar No. 24070883
WORRALL LAW GROUP, PLLC
1201 Shepherd Dr.
Houston, Texas 77007
Telephone:	832-423-4115
Facsimile:	713-583-3411
*Attorney for Plaintiffs*

    */s/ Michael C. Upshaw*
    Michael C. Upshaw